UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATALIE BRUESCH,<br><br>          Plaintiff,<br>   v.<br><br>WINCO FOODS,<br><br>          Defendant. | CASE NO. 2:22-cv-00113-TL<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On January 29, 2022, Plaintiff Natalie Bruesch filed a complaint against Winco Foods in Edmonds, Washington. Dkt. No. 1-1 at 2. Plaintiff Bruesch is bringing this case without an attorney to represent her (in other words, *pro se*). *See generally id*.

On March 14, 2022, Plaintiff Bruesch's motion to proceed *in forma pauperis* was granted because she appears to financially qualify for that status pursuant to 28 U.S.C. § 1915(a)(1). Dkt. No. 5. In that order, the United States Magistrate Judge recommended review of the complaint

under 28 U.S.C. § 1915 (e)(2)(B). *Id*. The Court is required to dismiss a case if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (internal citation omitted). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Plaintiff alleges that she was exiting a store in September 2020 when two store employees approached her; Plaintiff alleges that one of the store employees grabbed her "with excessive force" and then "shove[d]" her into an "interrogation room." Dkt. No. 1-1 at 5. According to her account, the employee then told police she had assaulted him, and Plaintiff "spent the night in jail for trying to defend [herself] from the attack." *Id*. She alleges damages of $375,000 due to physical and emotional harm. *Id*.

The only cause of action presented in Plaintiff Bruesch's complaint is under 18 U.S.C. §241, for conspiracy against rights. Dkt. No. 6 at 3. This is a federal criminal statute that private citizens cannot enforce. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). Because Plaintiff Bruesch cannot bring a civil suit on the basis of this statute, her complaint fails to state a claim upon which relief can be granted. *See, e.g.*, *Mendoza v. Inslee*, 3:19-cv-06216-BHS, 2020 WL 1271574, at *4 (W.D. Wash. Mar. 17, 2020) (dismissing, among other things, a claim brought under 18 U.S.C. § 241). This Court does not appear to have subject matter jurisdiction over this case as Plaintiff has neither plead a proper federal cause of action nor established diversity jurisdiction.

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). But a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2:19-cv-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court is also mindful that, except where "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment,' " that a *pro se* plaintiff should be given opportunity to amend their complaint. *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (internal citations omitted).

Therefore, Plaintiff Bruesch's claims are dismissed without prejudice. She may file an amended complaint within **thirty (30) days** of this Order (*i.e.*, **by June 16, 2022**).

Dated this 17th day of May 2022.

Tana Lin
United States District Judge